F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

J. D. JONES,

   Petitioner-Appellant,

v.

MARTY SIRMONS, Warden of
Howard McLeod Correctional Center,

   Respondent-Appellee.

No. 02-7088

(D.C. No. 01-CV-287-P)

(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

  After examining Petitioner's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

  This is a pro se prisoner appeal of the dismissal of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Jones is an inmate in the custody of the Oklahoma Department of Corrections. In his habeas petition, Mr.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jones attacked his conviction for two counts of Unlawful Distribution of Marijuana, After Former Conviction of a Felony. The district court dismissed his habeas petition as time barred under Antiterrorism and Effective Death Penalty Act of 1996, codified as 28 U.S.C. § 2244(d). Finding no merit in any of Mr. Jones's arguments, the district court declined to grant him a certificate of appealability. Petitioner then applied to this court for a certificate of appealability.

Petitioner's conviction and sentence became final in September 1993. The district court found that Mr. Jones's habeas petition should have been filed by April 23, 1997. Mr. Jones did not begin his state court post-conviction proceedings until 1998. The Oklahoma Court of Criminal Appeals declined jurisdiction of Petitioner's first application for post-conviction relief in August 1998 and denied Petitioner's second application for post-conviction relief as out of time in April 2001.

In order for this court to grant a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2002). To do so, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473,

484 (2000) (quotations omitted).

We have carefully reviewed Mr. Jones's brief, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Petitioner's brief raises an issue which meets our standards for the grant of a certificate of appealability. For substantially the same reasons as set forth by the district court in its Order of July 19, 2002, we cannot say that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." Id.

We DENY Petitioner's request for a certificate of appealability and DISMISS the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge